UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARK ANTHONY ORTEGA,**

    *Plaintiff*,

v.                                                        **Case No. 5:26-CV-1294-JKP**

**WISP, INC.,**

    *Defendant.*

## REFERRAL ORDER

Before the Court is the status of this action. In accordance with the authority vested in the United States Magistrate Judge pursuant to Local Rule CV-72, Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges and 28 U.S.C. § 636(b), the instant action is hereby REFERRED to United States Magistrate Judge Richard B. Farrer for disposition of all non-dispositive pretrial matters.

The parties may submit a written consent to the jurisdiction of the Magistrate Judge on the form made available by the Clerk of Court. Should all parties consent to the jurisdiction of the Magistrate Judge, Judge Pulliam will transfer the case to the Magistrate Judge to conduct all proceedings and to enter final judgment. Consent to the jurisdiction of the Magistrate Judge does not waive any party's right to a jury trial. Any appeal from a judgment entered by a Magistrate Judge shall be to the United States Court of Appeals in the same manner as an appeal from any other judgment of the Court. *See* 28 U.S.C. § 636(c)(3).

Pretrial motions not referred to the assigned Magistrate Judge under Section II (B) remain with Judge Pulliam for disposition. All dispositive matters or the matters reserved from referral may still be referred to the assigned Magistrate Judge later for a Report and Recommendation.

**I.**    **MATTERS REFERRED**

This referral confers the following duties upon the assigned Magistrate Judge:

**(A) Pretrial Management, Conferences, and Related Orders**.  The Magistrate Judge may schedule and hold the initial pretrial conference prescribed by Federal Rule of Civil Procedure 16 and all subsequent conferences deemed necessary. In cases removed from state court, the pretrial conference will include discussion concerning this Court's jurisdiction, particularly when the diversity of the parties is in question or uncertain. The Magistrate Judge may issue orders dealing with the subjects of such conferences.

The Magistrate Judge will not conduct the final pretrial conference but may do so upon Judge Pulliam's request without the need for a separate referral order. The Magistrate Judge may thereafter issue an order on any matter that is the subject of that conference.

**(B) Scheduling Orders.**  The Magistrate Judge may issue a Scheduling Order and may extend or otherwise modify deadlines in the Scheduling Order.

**(C) Discovery Motions.**  The Magistrate Judge may rule on discovery motions by Order and may extend or otherwise modify discovery deadlines. The Magistrate Judge may issue an Order of Sanctions in discovery matters to the extent sanctions are not dispositive of the entire case.

**(D) Pretrial Motions.**  Pursuant to authority granted in 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a), the Magistrate Judge shall rule on **ALL** pretrial motions by Order except the motions reserved from referral to the Magistrate Judge under Section II (B) of this Referral Order. Where the Magistrate Judge's authority to make rulings by Order is limited by statute, the Magistrate Judge may rule on such matter upon the consent of all parties, pursuant to 28 U.S.C. § 636(c)(1). In particular, the following non-dispositive matters are referred to the Magistrate Judge for resolution by an Order: (1) motion to compel arbitration; (2) motion to add or substitute parties; (3) motion for leave to amend pleadings; (4) motion to strike, other than a motion to strike an existing party, claim, or defense; (5) motion for sanctions, including discovery sanctions; (6) motion to appoint counsel; (7) motion respecting issuance of collective-action notices in Fair Labor Standards Act cases; (8) motion to quash; (9) motion to exclude experts or expert testimony; (10) motion to transfer venue; (11) motion to consolidate, sever, or bifurcate trial; (12) motion to compel appraisal; (13) motion to stay or abate; (14) any motion relating to spoliation of evidence unless such motion disposes of an existing party, claim, or defense; and (15) motions which do not dispose of an existing party, claim, or defense.

**(E) Contempt Authority.**  The Magistrate Judge may exercise the contempt authority granted by 28 U.S.C. § 636(e). The Magistrate Judge has authority to enforce pretrial orders pursuant to Federal Rules of Civil Procedure 16 and 37.

**II.   MATTERS NOT REFERRED**

This referral to the Magistrate Judge does not include the following:

**(A) Motions for Temporary Restraining Orders and Preliminary Injunctions**.  Such motions filed pursuant to Federal Rule of Civil Procedure 65 shall be presented to Judge Pulliam for disposition unless the parties consent to ruling by the Magistrate Judge. Should Judge Pulliam conclude referral to the Magistrate Judge is proper, Federal Rule 65 motions shall be referred by separate order for hearing before the Magistrate Judge.

**(B) Pretrial Motions Not Automatically Referred.**  The following pretrial motions are not automatically referred to the Magistrate Judge for ruling and shall remain with Judge Pulliam for disposition, unless (1) all parties in the case consent to a ruling by the Magistrate Judge on the

particular motion; (2) all the parties consent to the civil jurisdiction of the Magistrate Judge to conduct all proceedings and enter final judgment; or (3) Judge Pulliam refers the motion to the Magistrate Judge for a Report and Recommendation:

- motion to remand;
- motion for judgment on the pleadings;
- motion for summary judgment;
- motion to dismiss or permit maintenance of a Federal Rule 23 class action;
- motion for sanctions that are dispositive of the entire case;
- motion to enforce an administrative subpoena;
- motion in limine;
- motion to dismiss, whether brought under Federal Rules 12 or 41;
- motion for default judgment;
- motions requesting certification of an interlocutory appeal; and
- motions disposing of an existing party, claim, or defense.

While the Magistrate Judge may exercise discretion to enter an Order or a Report and Recommendation on any referred matter, the ultimate determination whether a motion or matter is non-dispositive will be made by Judge Pulliam. Consequently, Judge Pulliam may review a Report and Recommendation of the Magistrate Judge as if it were a ruling made by Order.

Some filings may render moot pending dispositive or non-dispositive motions (for example, the filing of an amended pleading may render moot a motion to dismiss). In the event the Magistrate Judge's ruling renders moot a pending dispositive motion, the Magistrate Judge will enter an Order mooting such dispositive motion because such a ruling is not a ruling on the merits and is without prejudice to the motion being timely re-urged.

**(C) Settlement Agreements and Settlement Conference.** Should the parties finalize a settlement agreement, they must immediately file a joint advisory stating the parties reached a settlement. If any party desires a settlement conference or one is required by law, the advisory must request that a hearing be set. Upon the filing of a joint advisory, Judge Pulliam will set a settlement conference or will enter such orders appropriate to resolve the action.

### III. OBJECTIONS/APPEAL

Objections to a Report and Recommendation or an appeal from any Magistrate Judge's Order shall be made in compliance with 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and Rule 4 of Appendix C to the Local Rules. Such objections or appeal shall be limited to issues first raised before the Magistrate Judge. Failure to raise any issue before the Magistrate Judge shall be deemed a waiver of such issue. Any order to which an objection or appeal is filed remains in full force and effect during its consideration. Judge Pulliam will rule on any request to stay an order or to extend time to file an objection or appeal.

## IV.     RETURN OF THE CASE

The Magistrate Judge may, in consultation with Judge Pulliam, return any matter, motion or the whole case to Judge Pulliam at any point in the proceedings. Otherwise, the Magistrate Judge shall return the case to Judge Pulliam after ruling on all pretrial motions the Scheduling Order requires to be filed prior to the final pretrial conference. Upon return of this action, Judge Pulliam will set the final pretrial conference and trial date after ruling on any remaining dispositive motions, matters not referred or pending objections or appeal of Orders entered by the Magistrate Judge.

**It is so ORDERED this 10th day of March 2026.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**